# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **K.G.**

**No. 20-0023** (Hampshire County 19-JA-29)

**FILED**

**September 3, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.L., by counsel Cathe L. Moreland, appeals the Circuit Court of Hampshire County's October 30, 2019, order terminating her parental rights to K.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Joyce E. Stewart, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motions for post-adjudicatory and post-dispositional improvement periods.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2019, the DHHR filed a child abuse and neglect petition alleging that petitioner's parental rights to an older child were involuntarily terminated in March of 2019, due to issues of physical abuse, domestic violence, and a lack of suitable housing, and that those conditions had not been corrected. The DHHR also alleged that petitioner voluntarily relinquished her parental rights to three other children in a December of 2017, proceeding after failing to complete an improvement period to remedy the same issues of physical abuse, domestic violence, and inappropriate housing. Petitioner waived her right to a preliminary hearing.

In August of 2019, the circuit court held an adjudicatory hearing. A DHHR worker testified that petitioner was participating in therapy that addressed issues in her relationship with the father.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

However, petitioner denied the incidents of domestic violence that were the subject of prior proceedings, and characterized them as "misunderstandings." Based on this evidence, the circuit court found that petitioner failed to address the conditions of physical abuse, domestic violence, and unsafe housing. The court concluded that petitioner's circumstances had not substantially changed since the March of 2019, termination of her parental rights, and adjudicated her as an abusing parent. Thereafter, petitioner moved for a post-adjudicatory improvement period.

The circuit court held a dispositional hearing in September of 2019 and heard testimony from a DHHR worker, petitioner's therapist, and petitioner. Petitioner's therapist testified that petitioner was motivated in therapy and amenable to change. For example, the therapist indicated that petitioner would complete assigned "homework" and reading prior to sessions. However, the circuit court noted that the parents were not "forthcoming with their therapist about the extent of domestic violence in the home and their history of violence towards children." Accordingly, the circuit court found that therapy was "rendered ineffective in truly addressing the underlying issues of abuse and/or neglect, and resulting remediation thereof." The circuit court further found that the therapist testified that petitioner required "another two (2) to three (3) years of therapy to really get to the root of and address the past issues; and that violence towards children would need to be addressed by an even longer therapy regimen." During petitioner's testimony, she continued to deny an incident of domestic violence, despite video evidence of her arrest for that incident. Petitioner testified that she had an anxiety attack and could not remember the incident clearly. The circuit court found that this testimony was "incredulous, non-committal, minimizing, and an exercise in avoidance of responsibility for [petitioner's] actions." Petitioner further denied the allegations of child abuse from the prior abuse and neglect proceedings when K.G.'s half-sibling said "[petitioner] cut him in the face" and another half-sibling said she "smacked him with a belt." The circuit court noted it was "still waiting for [petitioner] to take responsibility and be accountable for what has transpired regarding all of her minor children."

Ultimately, the circuit court concluded that petitioner "failed to make any real or effective progress . . . and [had] minimized [her] involvement in acts of domestic violence, family violence, and the seriousness of their myriad of problems." The court further found that there was "no reasonable likelihood that the conditions giving rise to the abuse and/or neglect of the minor child, K.G. . . . can be substantially corrected in the near future" due to the parents' "inability to solve the problems  . . . of abuse and/or neglect on their own and/or without help" and their failure to "follow through with or respond[] to the recommended services that have been previously identified as necessary to assist [the parents] in remedying the [c]ourt's findings of abuse and/or neglect." Additionally, the circuit court found that reunification with petitioner was not in the child's best interests. Accordingly, the circuit court denied petitioner's motions for post-adjudicatory and post-dispositional improvement periods and terminated her parental rights by its October 30, 2019, order. Petitioner now appeals that order.[2]

This Court has held:

---

[2]The father's parental rights were also terminated below. He appealed, and this Court affirmed the circuit court's order by memorandum decision issued in June of 2020. *See In re K.G.*, No. 19-1178, 2020 WL 3447605 (W. Va. June 24, 2020) (memorandum decision). According to the parties, the permanency plan for the child is adoption in his current foster placement.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her motions for post-adjudicatory and post-dispositional improvement periods. According to petitioner, the circuit court "gave insufficient emphasis to facts that would tend to support" a finding that an improvement period was warranted. Petitioner highlights testimony that confirmed she had participated in individual and family therapy, and that she experienced a "[h]igh level of motivation." However, petitioner's argument fails when considering her complete denial of the underlying issues of abuse and neglect and, therefore, she is entitled to no relief on appeal.

West Virginia Code § 49-4-610(2)(B) provides that the circuit court may grant a parent a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period."[3] We have noted that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). Further,

[w]here an abuse and neglect petition is filed based on prior involuntary termination(s) of parental rights to a sibling, if such prior involuntary termination(s) involved neglect or non-aggravated abuse, the parent(s) may meet the statutory standard for receiving an improvement period with appropriate conditions, and the court may direct the Department of Health and Human Resources to make

---

[3]Without any distinction between the two, petitioner consolidated what could rightly be considered two alleged errors: the circuit court's denial of her motion for a post-adjudicatory improvement period and the circuit court's denial of her motion for a post-dispositional improvement period. Notably, the standard of proof for a parent to be granted a post-dispositional improvement period is the same as a post-adjudicatory improvement period. *Compare* W. Va. Code §§ 49-4-610(2) and 610(3). Because petitioner's argument regarding her motion for a post-dispositional improvement period fails for the same reasoning as her argument regarding her motion for a post-adjudicatory improvement period, we address these arguments in the same manner in which they were raised.

reasonable efforts to reunify the parent(s) and child. Under these circumstances, the court should give due consideration to the types of remedial measures in which the parent(s) participated or are currently participating and whether the circumstances leading to the prior involuntary termination(s) have been remedied.

Syl. Pt. 5, *In re George Glen B., Jr.*, 205 W. Va. 435, 518 S.E.2d 863 (1999).

Here, petitioner failed to prove that she was likely to fully participate in an improvement period. Critically, petitioner denied the past incidents of domestic violence that precipitated the prior terminations of her parental rights. We have held that,

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Thus, petitioner's denial of this condition of abuse and neglect was a barrier to treatment and, in and of itself, warranted the circuit court's denial of an improvement period. Further, the circuit court did not err in discounting petitioner's participation in therapy. The evidence showed that petitioner was not "forthcoming" with her therapist regarding the circumstances of abuse and neglect, such as the physical abuse against the children in her care. As noted by the circuit court, petitioner's therapist testified that petitioner's current therapy regimen would take two to three years to complete, but, critically, a regimen to treat petitioner's violence against children would take even longer to complete. Finally, we find that even if years of therapy would eventually remedy the conditions of abuse and neglect in this case, the circuit court properly considered petitioner's prior failure to participate in services and the child's tender age in denying the motion for an improvement period.

"[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4. For K.G., a two-to-three-year timeline for a safe placement with petitioner is unconscionably long, especially considering petitioner's failure to complete services, such as parenting classes, in her prior cases. Based on petitioner's failure to acknowledge the conditions of abuse and neglect and her limited attempt to remedy those conditions prior to the filing of the instant petition, we find no error in the circuit court's denial of petitioner's motion for an improvement period.

We also find the circuit court did not err in terminating petitioner's parental rights to K.G. West Virginia Code § 49-4-604(c)(6) provides that a circuit court may terminate a parent's parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child. Further, "'[n]o reasonable likelihood that conditions of neglect or abuse can be substantially corrected' means that, based upon the evidence before the court, the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." W. Va. Code § 49-4-604(d). Finally, "the legislature has reduced the minimum threshold of evidence necessary for termination where one of the factors outlined in [W. Va. Code § 49-4-605(a)] is present."[4] *George Glen B., Jr.*, 205 W. Va. at 437, 518 S.E.2d at 865, syl. pt. 2, in part. Such a factor is present here, i.e., petitioner's parental rights to another child have been terminated involuntarily.

Here, the circuit court based the requisite finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected upon petitioner's denial of the conditions of abuse and neglect and her failure to undergo sufficient remedial measures to correct those conditions. Additionally, the circuit court correctly found that K.G. would be subject to those conditions again if returned to petitioner's care and, therefore, the termination of petitioner's parental rights was necessary for the child's welfare. Petitioner does not challenge these findings on appeal, and we find no error in the circuit court's termination of her parental rights based on the record in its entirety.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 30, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  September 3, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[4]West Virginia Code § 49-4-605(a)(3) provides, in relevant part, "the department shall file or join in a petition or otherwise seek a ruling in any pending proceeding to terminate parental rights . . . [i]f . . . the parental rights of the parent to another child have been terminated involuntarily."